IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-27-BO

| | |
|---|---|
| NEIL EVERETT CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24 & 26]. A hearing on this matter was held in Elizabeth City, North Carolina on May 7, 2014 at 2:30 p.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On April 9, 2010, plaintiff concurrently filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act") as well as an application for supplemental security income benefits under Title XVI of the Act. Plaintifff alleged an onset date of May 4, 2009, due to two bulging discs in his neck, back pain, inability to lift without pain, inability to wear shoes without numbness, inability to sit/stand for long periods of time, stiffness when seated, chronic pain, and knee problems. Plaintiff's applications were denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing and issued a decision denying plaintiff's claim. On February 25, 2013, the Appeals Council

denied review rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff is a former shipyard sheet metal worker who injured his neck and back while working in May 2009 and who has not returned to work since that time. [Tr. 41–42]. A myelogram and CAT scan obtained after the injury showed mild facet lamina ligamentum hypertrophy at L3-L4 and L4-L5, with mild broad-based disc bulging causing some mild neuroforaminal stenosis at L3-L4 and L4-L5. A myelogram of the cervical spine showed posterior disc bulging at C5-C6 and C6-C7, and to a lesser degree, at C3-C4 and C4-C5, causing mild central stenosis at C3-C4 and C4-C5 and to a lesser degree at C5-C6 and C6-C7 with posterior disc protrusion centrally at C5-C6 and C6-C7 as well as mild neuroforaminal stenosis. [Tr. 333]. More recent imaging shows mild narrowing of the disc space at L4-L5 and L5-S1, and mild sclerotic changes at the facet joints of L4-L5 and L5-S1. [*Id.*]. The imaging also shows disc space narrowing at C5-C6 and C6-C7. [*Id.*].

Plaintiff's treating physician has consistently provided a medical impression of axial neck pain, numbness and tingling in both hands, underlying spondylosis, disc disesase, and spinal stenosis at C5-C6 and C6-C7, and to a lesser degree at C3-C4 and C4-C5, axial low back pain, numbness and tingling in both feet with underlying spondylosis and subarticular stenosis at L3-L4 and L4-L5. [*Id.*].

Plaintiff's treatment consisted of epidural steroid injections in the lumbar and cervical spine, [Tr. 332, 335], physical therapy, and pain medication. [Tr. 331]. As of July 2011, that course of treatment had provided no relief and surgery was recommended at least twice. [Tr. 327,

2

329, 338]. Plaintiff did not undergo, and did not want to undergo, surgery because of his financial state and his uninsured status. [Tr. 49–50].

The ALJ found that plaintiff suffers from the severe impairments of severe cervical and lumbar stenosis. [Tr. 28, 30].

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual

3

functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Plaintiff alleges that the ALJ erred at step five in evaluating the severity of plaintiff's pain by (1) materially misstating the record; (2) failing to comply with the SSR 96-7p and 20 C.F.R. § 404.1529; and (3) failing to comply with *Smith v. Astrue*, 457 Fed. App'x 326, 329 (4th Cir. 2011).

Both SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ to consider certain factors when evaluating credibility. These factors include the medical signs and laboratory findings, diagnosis, prognosis, and other medical opinions provided by treating or examining physicians, statements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history, treatment and response, prior work record, and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work. The ALJ must also consider the consistency of the individual's statements, a longitudinal record of treatment and attempts to seek treatment for pain.

In evaluating plaintiff's credibility, the ALJ based his opinion, in part, on the grounds that plaintiff refused to have the recommended surgery or any shots or injections. [Tr. 30]. Therefore the ALJ concluded that plaintiff's "symptoms are not as intractable as alleged." [*Id.*]. Such a conclusion is not supported by substantial evidence. Although surgery was recommended,

4

plaintiff testified that he was unable to undergo surgery for financial reasons. [Tr. 49–50]. Although the ALJ noted this testimony, he did not discuss it when finding plaintiff not credible. [Tr. 29–30]. Because the ALJ failed to consider plaintiff's inability to afford surgery, his refusal to undergo the surgery is an invalid reason to impeach plaintiff's credibility. The Social Security Administration states "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations" such as "[inability] to afford treatment and [lack of] access to free or low-cost medical services." SSR 96-7p. Further, "[a] claimant may not be penalized for failing to seek treatment [he] cannot afford." *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986). Finally, the ALJ erred by stating that plaintiff has refused to have any shots or injections. The record demonstrates that this is simply untrue. Plaintiff received steroid injections [Tr. 323, 328–29, 331–33, 335, 338], stopped taking them because they did not significantly reduce his pain [Tr. 331–32, 338], and thereafter the injections were no longer recommended. [Tr. 331].

It is clear that the ALJ did not comply with the requirements of SSR 96-7p and 20 C.F.R. § 404.1529 in evaluating plaintiff's credibility. Although such error is not always prejudicial, where, as here, the error directly goes to the ALJ's RFC determination, the error is prejudicial. A major component of plaintiff's claim is that his pain is what is disabling. An error in determining the credibility of plaintiff's own statements regarding the pain he feels directly affects the potential RFC determination. If the credibility determination is flawed, it is likely that the RFC determination could also be flawed.

Because the ALJ failed to properly evaluate plaintiff's credibility as to his testimony regarding the pain from which he suffers, the case is remanded to the agency so it can undertake a proper credibility analysis at step five.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This __ day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE